IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENNE SINGLETARY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 06-315-JJF |
| | : |
| WARDEN RICK KEARNEY, | : |
| COL. GOSNELL, C/O WAPLES, | : |
| and SGT. K. BATES, | : |
| | : |
| Defendants. | : |

## MEMORANDUM ORDER

Plaintiff Benne Singletary ("Singletary"), an inmate at

Sussex Correctional Institution ("SCI"), filed this civil rights

action pursuant to 42 U.S.C. §1983. He appears pro se and on May

25, 2006, was granted in forma pauperis status pursuant to 28

U.S.C. § 1915. (D.I. 4.) The Court now proceeds to review and

screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the claims against Warden

Rick Kearney and K. Sgt. Bates are dismissed as frivolous

pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## I.    THE COMPLAINT

Plaintiff alleges that on January 14, 2006, another inmate

attacked and assaulted him with a homemade shank, resulting in

serious physical injuries. Plaintiff alleges that Defendants C/O

Waples ("Waples") and Col. Gosnell ("Gosnell") knew of a prior

attack upon the attacker and that they were aware of the

attacker's record of several incidents of violence or threats as

well as other disruptive behavior, yet failed to take steps to protect Plaintiff from harm.  Plaintiff seeks compensatory and punitive damages.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

Pro se complaints are liberally construed in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).  An action is frivolous if it "lacks an arguable basis either in law or in fact,"  Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).  Additionally, a pro

2

se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"   Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

Plaintiff alleges he was attacked and injured by another inmate on January 14, 2006.  Plaintiff alleges that Defendants Waples and Gosnell were aware that he was at risk to be assaulted by another inmate, but failed to protect him from harm.  Also named as defendants are Warden Rick Kearney ("Warden Kearney") and Sgt. K. Bates ("Bates").

To prevail on an Eighth Amendment failure to protect claim, a plaintiff is required to show that (1) he is incarcerated under conditions posing a substantial risk of serious harm (the objective element); and (2) prison officials acted with deliberate indifference, i.e., that prison officials knew of and disregarded an excessive risk to inmate health or safety (the subjective element).   See Farmer v. Brennan, 511 U.S. 825, 833-34 (1994); see also Griffin v. DeRosam, 153 Fed.Appx. 851, 2005 WL 2891102 (3d Cir. 2005).  A prison official cannot be found liable "unless the official knows of and disregards an excessive risk to inmate health or safety".  Id. at 837.  He must "both be aware of the facts from which the inference could be drawn that a

3

substantial risk of serious harm exists, and he must also draw the inference."   Id.

The complaint does not allege that either Warden Kearney or Sgt. Bates were aware of or should have been on notice that Plaintiff was substantially at risk from attack by another inmate.   Indeed, the complaint contains no allegations against these two Defendants.   Therefore, Plaintiff has failed to state a claim against Warden Kearney and Sgt. Bates and the claims against them are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b)(1).

## IV.   APPOINTMENT OF COUNSEL

Plaintiff also moves for appointment of counsel.   (D.I. 3.) In support of his motion he states that he is unable to afford counsel, his imprisonment greatly limits his ability to litigate, the issues in the case are complex and will require significant research and investigation, he has limited law library access, counsel will better enable him to present evidence and cross-examine witnesses, and he has made repeated efforts to obtain a lawyer.   As is well-known, a pro se litigant proceeding in forma pauperis, has no constitutional or statutory right to appointed counsel.   See Ray Robinson, 640 F.2d 474, 477 (3d Cir. 1981).

It is within this Court's discretion to seek representation by counsel for Plaintiff.   This is done "upon a showing of special circumstances indicating the likelihood of substantial

4

prejudice to [Plaintiff] resulting from [Plaintiff's] probable
inability without such assistance to present the facts and legal
issues to the court in a complex but arguably meritorious case."
Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord
Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by
counsel may be appropriate under certain circumstances, after a
finding that a plaintiff's claim has arguable merit in fact and
law).

Having reviewed Plaintiff's complaint, the Court finds that
his allegations are not of such a complex nature that
representation by counsel is warranted at this time.
Accordingly, Plaintiff's motion for appointment of counsel (D.I.
3) is denied without prejudice with leave to refile, following
service upon Defendants.

**V. CONCLUSION**

NOW THEREFORE, at Wilmington this $\underline{13}$ day of July, 2006, IT
IS HEREBY ORDERED that:

1.  The Clerk of the Court shall cause a copy of this order
to be mailed to Plaintiff.

2.  The motion for appointment of counsel (D.I. 3) is
**DENIED** without prejudice with leave to refile, following service
upon Defendants.

3.  Plaintiff's claims against Defendant Warden Rick
Kearney and Sgt. K. Bates are **DISMISSED** without prejudice as

5

frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and §
1915A(b)(1).

4.     The court has identified a cognizable Eighth Amendment
claim against Defendants Col. Gosnell and C/O Waples.  Plaintiff
is allowed to **PROCEED** against these two Defendants.

IT IS FURTHER ORDERED that:

1.     Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2),
Plaintiff has provided to the Court **original** "U.S. Marshal-285"
forms for **remaining Defendants Col. Gosnell and C/O Waples** as
well as for the Attorney General of the State of Delaware, 820 N.
FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to Del. Code
Ann. tit. 10, § 3103(c).  Plaintiff has also provided the Court
with copies of the complaint (D.I. 2) for service upon the
Defendants.

2.     The United States Marshal shall forthwith serve a copy
of the complaint, this order, a "Notice of Lawsuit" form, the
filing fee order, and a "Return of Waiver" form upon Defendants
identified in the 285 forms.

3.     Within **thirty (30) days** from the date that the "Notice
of Lawsuit" and "Return of Waiver" forms are sent, if an executed
"Waiver of Service of Summons" form has not been received from a
Defendant, the United States Marshal shall personally serve said
Defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said
Defendant(s) shall be required to bear the cost related to such

6

service, unless good cause is shown for failure to sign and
return the waiver.

4.     Pursuant to Fed. R. Civ. P. 4(d)(3), a Defendant who,
before being served with process timely returns a waiver as
requested, is required to answer or otherwise respond to the
complaint within **sixty (60) days** from the date upon which the
complaint, this order, the "Notice of Lawsuit" form, and the
"Return of Waiver" form are sent.  If a Defendant responds by way
of a motion, said motion shall be accompanied by a brief or a
memorandum of points and authorities and any supporting
affidavits.

5.  No communication, including pleadings, briefs, statement
of position, etc., will be considered by the Court in this civil
action unless the documents reflect proof of service upon the
parties or their counsel.

6.     **NOTE: \*\*\*** When an amended complaint is filed prior to
service, the Court will **VACATE** all previous service orders
entered, and service **will not take place**.  An amended complaint
filed prior to service shall be subject to re-screening pursuant
to 28 U.S.C. §1915(e)(2) and § 1915A(a).  **\*\*\***

7.     **NOTE: \*\*\*** Discovery motions and motions for appointment
of counsel filed prior to service will be dismissed without
prejudice, with leave to refile following service.  \*\*\*

UNITED STATES DISTRICT JUDGE

7