IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENNE SINGLETARY, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-315-JJF |
| COL. GOSNELL, and C/O WAPLES, | : |
| Defendants. | : |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion For Appointment Of Counsel (D.I. 31). For the reasons discussed, the Motion will be denied.

I.  **BACKGROUND**

Pro se Plaintiff, Benne Singletary, is currently an inmate at the Delaware Correctional Center in Smyrna, Delaware. On May 12, 2006, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 for violations of his rights under the Eighth and Fourteenth Amendments of the U.S. Constitution. Specifically, Plaintiff alleges that he was attacked and assaulted by another inmate resulting in serious injuries. Plaintiff alleges that Defendants were aware of a prior attack by the attacker on the Plaintiff and did not take steps to protect Plaintiff from harm.

By his Motion, Plaintiff contends that he needs counsel because he has insufficient knowledge of the law and lacks the ability to read, write, or comprehend language above a grade-school reading level.

## II. DISCUSSION

Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Nonetheless, district courts have statutory authority to appoint counsel for indigent civil litigants at any time during the litigation. 28 U.S.C. § 1915(e)(1) (providing that "[t]he court may request an attorney to represent any person unable to afford counsel"); Montgomery v. Pinchak, 294 F.3d 492, 504 (3d Cir. 2002).

Section 1915(e)(1) affords district courts broad discretion in determining whether appointment of counsel in a civil case is appropriate. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). As a threshold matter, the Court must assess whether the claimant's case has some arguable merit in fact and law. Id. at 155. If a claimant overcomes this initial hurdle, the Court may then consider the following non-exhaustive list of factors developed by the Third Circuit Court of Appeals:

1. the plaintiff's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. the plaintiff's capacity to retain counsel on his or her own behalf;
5. the extent to which a case is likely to turn on credibility determinations, and;
6. whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

2

When considering a request for counsel, courts must keep in mind

> [the] significant practical restraints on the district courts' ability to appoint counsel, including the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation.

Montgomery, 294 F.3d at 505 (quoting Tabron, 6 F.3d at 156) (internal quotation marks and citations omitted).

Keeping in mind the practical considerations cited above and exercising the broad discretion offered the Court, the Court concludes that the appointment of counsel is not warranted at this time. Arguably, Plaintiff has a claim for relief under 42 U.S.C. §1983. However, Plaintiff has demonstrated the ability to present his own case and participate in factual investigation by making several filings and discovery requests. Additionally, although Plaintiff has indicated that he cannot read, write, or comprehend language above a grade-school level, his filings with the court are comprehensible and demonstrate some knowledge of the legal system. Accordingly, the Court will deny Plaintiff's Motion For Appointment Of Counsel.

## ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion For Appointment Of Counsel (D.I. 31) is **DENIED**.

May 23, 2007

_____
UNITED STATES DISTRICT JUDGE

3