IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Benne Singletary,  )
   Plaintiff,  )
                   )  Civil Action No. 06-315 JJF
V.                    )
Col. Gosnell, and c/o Waples,  )
   Defendant's  )



FILED
JUN 27 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned

**Plaintiff's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure for United States District Court Rule 56**

Plaintiff, Benne Singletary, pro se, hereby request for this Honorable Court to enter a judgment in his favor at the Court's earliest convience.

Dated: 6-25-07

Benne Singletary
Benne Singletary
SBI No.: 332365
Delaware Corr. Ctr.
1181 Paddock Road
Smyrna, DE 19977

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Benne Singletary    )
                    )
        Plaintiff,  )
                    )
V.                  )   Civil Action No. 06-315 JJF
                    )
Col. Gosnell, and C/O Waples )
                    )
        Defendants. )
                    )

**Plaintiff's Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure FOR UNITED STATES DISTRICT COURT RULE 56.**

Now COMES, Plaintiff, Benne Singletary, pro se and hereby states the following in support of the motion:

## I. Introduction

1. Plaintiff Bene Singletary is a prisoner in the custody of the Delaware Department of Correction and is currently housed in the Delaware Correctional Center, Smyrna, Delaware.

2. The defendant's Corporal William Gosnell and Correctional officer Michael Waples are currently employed with the State of Delaware Department of Corrections.

(1.)

3. Singletary asserts claims under 42 U.S.C. §1983 alleging that his Eighth Amendment Rights were violated when defendant's deliberate indifference exposed him to a substantial risk of serious harm. Specifically, plaintiff claims that Defendant's failed to protect him from another inmate who thereafter cut Singletary across chest, back, and forearm.

## II. BACKGROUND

4. In 2006, Defendant's were employed by the Delaware Department of Corrections ("DOC") as a corporal and correctional officer at the Sussex Correctional Institution ("SCI"), Sussex County Delaware. They were assigned to Gym/Island I and II.

5. Defendant's duties included management of the housing unit, supervision of the housing staff, and maintance of prisoner treatment. Inmate safety was an important part of their duties.

6. Plaintiff was an inmate in the SCI. He is currently serving a 7 year sentence. The Island I and II. is a maximum Security Unit.

7. The incidents giving rise to this lawsuit begin on January 13, 2006.

## III. PLAINTIFF'S INITIAL ENCOUNTER WITH ANTONIO DRUMMOND

8. On January 13, 2006 Plaintiff and Drummond exchanged blows following an argument. Other inmates broke up the fight. Immediately after the fight, Drummond proceeded to the infirmary to seek treatment for an eye injury he suffered during the fight. C/O Waples gave Drummond permission to leave the gym due to the injury. Drummond reported to the infirmary. The fight took place in the gymnasium.

(2.)

9. Drummond is serving a long-term prison sentence.

## IV. DEFENDANT'S INVESTIGATION of 1/13/06 INCIDENT

10. Although Drummond's eye injury appeared to have incurred as the result of a fight. The Defendant's did not conduct a through investigation in accordance with DOC policy. Defendant's did not immediately involuntary segregate Drummond and turn the matter over to Defendant's Supervisor. Defendant's did not move Drummond to another housing unit.

## V. PLAINTIFF IS ATTACKED

11. The next day on January 14, 2006, Plaintiff was attacked and stabbed. Drummond was the attacker. Plaintiff suffered cuts to his back, chest and forearm. The wounds required stitches. This incident took place in the gymnasium. The assault was a retaliation from the 1/13/06 incident.

12. Plaintiff immediately exited the gym and walked to the infirmary. Medical treated the plaintiff for serious stab wounds. Plaintiff reported the incident to C/O Waples, the officer stationed in the gym. Plaintiff did not identify Drummond for fear of being labeled a "snitch".

13. Plaintiff was placed in ASDA pending outcome of the pending investigation.

14. Drummond was pulled off the tier and was transferred to Pre-Trial Behavior Modification Unit. A major misconduct report was prepared against Drummond.

(3)

## VI. PLAINTIFF'S DAMAGES

15. Plaintiff suffered a right chest wound 12 cm long, wound on forearm 9 cm long and a wound on mid back from left shoulder to right waist. There was one puncture wound on upper back. Scars remain on Plaintiff's chest, forearm and back. The injuries continue to cause him problems, including soreness.

16. Psychologically, Plaintiff is apprehensive about other inmates coming in close proximity. He fears another attack.

## VII. STANDARD OF REVIEW

17. The narrow question that this court must decide on a motion for summary judgment is whether there exist "a genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case.

## VII. Conclusion

18. To state a cause of action under 42 U.S.C. §1983, a plaintiff must allege the deprivation of a right secured by the United States Constitution or a Federal Statute by a person who was acting under color of state law.

19. Gosnell and Waples are government employees. They were acting under color of law.

(4)

20. On January 13, 2006 plaintiff and inmate Drummond got into a fight. The fight took place in the gymnasium. (The gym is monitored by Waples and Gosnell.) Yet no steps were taken by defendant's to rectify the situation. Farmer v. Brennen, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)

21. "Prison officials have a duty... to protect prisoners from violence at the hands of other prisoners." Id. at 833 (quoting Cortes-Quinones v. Jimenez Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)) Gosnell was the lead officer supervising inmates housed in the maximum security unit. Singletary and Drummond got into a fight while under Gosnell's supervision. Gosnell observed Singletary's belligerent behavior before and after the fight (Gosnell questioned Singletary about his suspicious behavior) and Drummond's eye injury, which resulted because of the fight.

22. Gosnell's investigation lead him to believe the plaintiff and Drummond were engaged in an altercation during the gym recreation on 1/13/06.

23. Gosnell knew or should have known that failure to take reasonable measures to guarantee the safety of the inmates [Report the fight to supervisor for further action or to take the necessary steps to segregate the inmates] was reckless indifference toward the safety of the plaintiff. Gosnell's inaction placed plaintiff at a substantial risk of major harm. No major misconduct report was prepared against Drummond or Singletary.

24. Gosnell was aware of Drummond's history of institutional violence. Gosnell's investigation of the 1/13/06 incident should have lead him to believe that a fight occurred between plaintiff and Drummond. More so, Gosnell should have known that based on Drummond's past record, Drummond would want to exact revenge.

25. Yet still, after Drummond was taken to health services and treated, Gosnell allowed Drummond to return to the housing unit that he shared with plaintiff. The next day Drummond attacked Singletary with a handmade knife.

(5)

26. Waples was assigned to monitor inmates in the gym. He was station at the gym on 1/13/06 and 1/14/06. He is supposed to stay in the gym area while inmates are on recreation in the gym. Plaintiff observed Waples in the gym area on January 13, 2006. Waples was aware of the altercation between plaintiff and Drummond. Yet, he disregarded an excessive risk to inmate health and safety.

27. Waples sent Drummond to the infirmary to seek treatment for an eye injury on 1/13/06. Drummond suffered the eye injury as a result of a fight between plaintiff and he on 1/13/06.

28. Waples observed Drummond with an eye injury. Therefore Waples was armed with knowledge that Drummond's eye injury was caused by plaintiff during an altercation. Although Drummond denied it. As a Result of Defendant's inaction, plaintiff was injured the very next day — Drummond physically attacked him.

29. Under these circumstances, the plaintiff ask the Court to find the Defendant's knew that there was a substantial risk of serious harm to plaintiff. Furthermore, the plaintiff prays that the court find Defendant's consciously disregarded the risk by failing to take reasonable steps to protect the plaintiff.

30. To establish liability under the Eighth Amendment for failure to prevent harm, an inmate must show that prison officials acted with deliberate indifference to a substantial risk of serious harm. " The concept of deliberate indifference encompasses both a subjective and an objective component." Curry v. Scott, 249 F.3d 493, 506 (6th Cir. 2001)

31. Plaintiff established both components. Plaintiff has proved by a preponderance of evidence that defendant's were deliberately indifferent to his safety needs and, therefore, violated his Eighth (6) Amendments Rights.

## VIII. Damages

32. Plaintiff request compensatory and punitive.

## IX.

33. Wherefore, Plaintiff prays that this Honorable Court find in his favor and grant summary judgment.

Dated: 6-25-07

_Benne Singletary_
Benne Singletary
SBI. No: 332365
Delaware Corr. CTR.
1181 Paddock Road
Smyrna, DE 19977

(7)

I/M: Benne Singletary
SBI# 332365    UNIT 22-D-L-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware
　　　　19801-3570