IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENNE SINGLETARY, | : |
|     Plaintiff, | : |
| v. | : Civ. Action No. 06-315-JJF |
| COL. GOSNELL and C/O WAPLES, | : |
|     Defendants. | : |

Benne Singletary, Pro se Plaintiff, Delaware Correctional Center, Smyrna, Delaware.

Ophelia Michelle Waters, Esquire, Deputy Attorney General, Delaware Department of Justice.  Attorney for Defendants Col. Gosnell and C/O Waples.

**MEMORANDUM OPINION**

November 27th, 2007
Wilmington, Delaware

**Farnan, District Judge**

Presently before the Court is Plaintiff's Motion For Summary Judgment Pursuant To Federal Rules Of Civil Procedure For United States District Court Rule 56 (D.I. 41) and Defendants' Answering Brief In Response To Plaintiff's Motion For Summary Judgment (D.I. 44). For the reasons set forth below, the Court will deny Plaintiff's Motion. The Court will give Defendants leave to file a renewed motion for summary judgment.

## I. BACKGROUND

Plaintiff Benne Singletary ("Plaintiff"), an inmate at the Delaware Correctional Center ("DCC") filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging Defendants Col. Gosnell ("Gosnell") and C/O Waples ("Waples") (collectively "Defendants") failed to protect him from an attack by fellow inmate Drummond. More particularly, Plaintiff alleges that Drummond attacked and seriously wounded him on January 14, 2006, and that the day before Drummond had also attacked Plaintiff.[1] Plaintiff alleges that Defendants knew of the first attack, yet failed to protect him from the second attack.

Plaintiff has filed a Motion For Summary Judgment which Defendants oppose. Defendants' opposition is entitled

---

[1] There appears to be some confusion over the dates. Plaintiff refers to the first fight as occurring on January 13, 2006, and the second fight on January 14, 2006. Defendants refer to the first fight as occurring on January 14, 2006, and the second fight on January 15, 2006.

-1-

"Defendants' Answering Brief In Response To Plaintiff's Motion For Summary Judgment." (D.I. 44.) In addition to responding to Plaintiff's Motion, however, the Response also seeks summary judgment on Defendants' behalf. The document was not filed as a Motion For Summary Judgment, it is not reported as a pending Motion, and Plaintiff did not respond to the filing as if it were a Motion For Summary Judgment. Accordingly, the Court will consider D.I. 44 only as a Response and will not consider those arguments[2] which seek summary judgment on Defendants' behalf. Defendants will be given leave to file a renewed Motion For Summary Judgment.

## II.  STANDARD OF LAW

The Court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of

---

[2]Defendants argue that they are entitled to summary judgment for the following reasons: Plaintiff failed to exhaust his administrative remedies; Plaintiff was not incarcerated under conditions that posed a substantial risk of serious harm and Defendants did not know of, and disregard, an excessive risk to Plaintiff's safety; Defendants had no personal involvement; Defendants are immune from liability under § 1983 in their official capacity; and Defendants have qualified immunity from liability in their personal capacities.

proving that no genuine issue of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Federal Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The Court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to

judgment as a matter of law. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

### III. DISCUSSION

Plaintiff moves for summary judgment arguing that Defendants knew there was a substantial risk of serious harm to him but they were deliberately indifferent to his safety. Defendants respond that Plaintiff was not incarcerated under conditions that posed a substantial risk of serious harm and Defendants did not know of, and disregard, an excessive risk to Plaintiff's safety.

To prevail on an Eighth Amendment failure to protect claim, a plaintiff is required to show that (1) he is incarcerated under conditions posing a substantial risk of serious harm (the objective element); and (2) prison officials acted with deliberate indifference, i.e., that prison officials knew of and disregarded an excessive risk to inmate health or safety (the subjective element). See <u>Farmer v. Brennan</u>, 511 U.S. 825, 833-34 (1994); <u>see also</u> <u>Griffin v. DeRosa</u>, 153 Fed. Appx. 851, 2005 WL 2891102 (3d Cir. 2005).

Initially the Court notes that Plaintiff did not provide an affidavit or other documentation in support of his Motion For Summary Judgment. He argues in his Motion that he and inmate Drummond exchanged blows on January 13, 2006, during a fight in the gymnasium. He contends that Waples gave Drummond permission to leave the gym and report to the infirmary, but that no

-4-

investigation ensued even though Drummond sustained an eye injury which appeared to have occurred as a result of the fight. Plaintiff contends that Gosnell was the lead officer supervising inmates and that the fight occurred while under Gosnells' supervision. He contends that Gosnell had observed his belligerent behavior before and after the fight, that Gosnell observed Drummond's eye injury, and that Gosnell questioned him. Plaintiff contends that Gosnell was aware of Drummond's history of institutional violence. Plaintiff also contends that Waples was aware of the altercation between Plaintiff and Drummond. Plaintiff contends that Defendants did not segregate Drummond or move him to another housing unit.

Plaintiff contends that Defendants' inaction resulted in his injury the following day when, again in the gym, Drummond assaulted him in retaliation for the for previous day's fight. Plaintiff contends that he left the gym and walked to the infirmary. He contends he reported the incident to Waples who was stationed in the gym, but he did not identify Drummond for fear of being labeled a snitch. Plaintiff states that Drummond was subsequently transferred to the pre-trial behavior modification unit and a major misconduct report was prepared against Drummond.

In opposition to Plaintiff's Motion, Defendants submitted an excerpt of Plaintiff's deposition wherein Plaintiff testified

-5-

that he told Buck, an inmate, about his first fight with Drummond, but he did not tell anyone else. (D.I. 44, Ex. C.) Plaintiff testified that he assumed that Drummond probably wanted to fight again. (Id. at Ex. D.) Waples avers that due to his work schedule, he was unaware of the first fight between Plaintiff and Drummond. (Id. at Ex. E.) Waples further avers that Plaintiff did not ask to be placed in protective custody or indicate that he was threatened in any way. (Id.) Gosnell avers that he had no knowledge of the first assault and learned of it later, while investigating the second assault. (Id. at Ex. F.) Gosnell avers that Plaintiff did not inform him he wished to be moved to another area because he felt threatened. (Id.)

Plaintiff's contentions raise the specter that Defendants should have been aware of the dispute between Plaintiff and Defendants. However, the affidavits, as well as Plaintiff's testimony submitted by Defendants, dispute Plaintiff's allegations that Defendants knew of and consciously disregarded an excessive risk to Plaintiff's health or safety. See Farmer v. Brennan, 511 U.S. 825, 847 (1994). Plaintiff, as the moving party, bears the burden of proving that no genuine issue of material fact exists. He did not meet that burden. Therefore, The Court will deny Plaintiff's Motion For Summary Judgment.

**IV. CONCLUSION**

-6-

The Court will deny Plaintiff's Motion for Summary Judgment. (D.I. 41.) The Court will give Defendants' leave to file a renewed motion for summary judgment. An appropriate Order will be entered.