IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENNE SINGLETARY, | : |
| Plaintiff, | : |
| v. | : Civ. Action No. 06-315-JJF |
| COL. GOSNELL and C/O WAPLES, | : |
| Defendants. | : |

Benne Singletary, Pro se Plaintiff, James T. Vaughn Correctional Center, Smyrna, Delaware.

Ophelia Michelle Waters, Esquire, Deputy Attorney General, Delaware Department of Justice. Attorney for Defendants Col. Gosnell and C/O Waples.

**MEMORANDUM OPINION**

September 23, 2008
Wilmington, Delaware

*Joseph J. Farnan Jr.*
**Farnan, District Judge**

Presently before the Court is Defendants' Motion For Summary Judgment. (D.I. 47). For the reasons set forth below, the Court will grant Defendants' Motion. Also, the Court will deny a Motion filed by a prisoner/non-attorney on behalf of Plaintiff for appointment of counsel. (D.I. 50.)

## I. BACKGROUND

Plaintiff Benne Singletary ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging Defendants Col. Gosnell ("Gosnell") and C/O Waples ("Waples") (collectively "Defendants") failed to protect him from an attack by fellow inmate Anthony Drummond ("Drummond") when he was housed at the Sussex Correctional Institution ("SCI"). More particularly, Plaintiff alleges that Drummond attacked and seriously wounded him, and that the day before Drummond had also attacked him.[1] Plaintiff alleges that Defendants knew of the first attack, yet failed to protect him from the second attack.

Defendants move for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies; Plaintiff was not incarcerated under conditions that posed a substantial risk of serious harm and Defendants did not know of,

---

[1] The incident report states that the second fight at issue occurred on January 15, 2006. (D.I. 48, ex. B.)

and disregard, an excessive risk to Plaintiff's safety; Defendants had no personal involvement; Defendants are immune from liability under § 1983 in their official capacity; and Defendants have qualified immunity from liability in their personal capacities. Plaintiff did not respond to Defendants' Motion other than to "seek some professional assistance." (D.I. 50.)

## II. STANDARD OF LAW

The Court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10 (1986). The Court will not grant the entry of summary judgment without considering the merits of Defendants' unopposed motion. Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (holding that a district court should not have granted summary judgment solely on the basis that a motion for summary judgment was not opposed.").

When determining whether a genuine issue of material fact exists, the Court must view the evidence in the light most

favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Federal Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted).

If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## III. DISCUSSION

Defendants argue that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies. The Prison Litigation Reform Act (PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Because an inmate's failure to exhaust under PLRA is an affirmative defense, the inmate is not required to specially plead or demonstrate exhaustion in his complaint. Jones v. Bock, 549 U.S. 199 (2007). Failure to exhaust administrative remedies must be pled and proved by the defendant. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

Pursuant to § 1997e(a), "an inmate must exhaust [administrative remedies] irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). Under Woodford v. Ngo, 548 U.S. 81 (2006), exhaustion means proper exhaustion, that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Id. at 88. "'[P]rison grievance procedures supply the yardstick' for determining what steps are required for exhaustion." Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007) (quoting Spruill v. Gillis, 372 F.3d 218, 231 (3d Cir. 2004)).

Third Circuit case law makes clear that a prisoner must complete the administrative review process in accordance with the applicable procedural rules in order to satisfy the exhaustion requirement of the PLRA. Nickens v. Department of Corr., No. 07-2207, 2008 WL 2018435, at *4 (3d Cir. May 12, 2008) (citing Williams, 482 F.3d at 639; Spruill, 372 F.3d at 228, 231.)

Delaware Department of Correction ("DOC") administrative procedures provide for a written multi-tiered grievance and appeal process. DOC Policy 4.4 (revised May 15, 1998). First, the prisoner must file a grievance within seven days with the Inmate Grievance Chair, for an attempt at informal resolution; second, if unresolved, the grievance is forwarded to the Grievance Resolution Committee for a determination, which is forwarded in turn to the Warden; and third, the Bureau Grievance Officer conducts the final level of review. Id.

The record reflects that Plaintiff was aware of the DOC administrative process. He submitted several grievances from January 2004 through January 2006, but none of them discussed threats or trouble with other inmates. (D.I. 48, ex. E ¶ 5.) Moreover, Plaintiff testified that he knew there was a grievance procedure at SCI, but felt that his verbal communications sufficed to follow prison grievance procedures. (Id. at ex. A, 14-15.)

Despite his familiarity with the grievance process, Plaintiff did not follow the proper steps to exhaust his administrative remedies. Rather, he filed this lawsuit. There is no genuine issue of material fact. It is undisputed that Plaintiff did not exhaust his administrative remedies as is required under the PLRA and, therefore, the Court will grant Defendants' Motion For Summary Judgment.

**IV. CONCLUSION**

The Court will grant Defendants' Motion For Summary Judgment. (D.I. 47.) The Court will deny as moot the Motion For Appointment Of Counsel filed for Plaintiff by prisoner/non-lawyer Leslie W. Jones. (D.I. 50.) An appropriate Order will be entered.